IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| April Harris, | Case No. 3:08 CV 2219 |
|             Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
|             Defendant. | |

**INTRODUCTION**

Plaintiff April Harris filed a Complaint (Doc. No. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny supplemental security income (SSI) benefits pursuant to 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge Perelman for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). Following briefs on the merits from both parties, the Magistrate recommended the Commissioner's decision be reversed, and an order of remand entered pursuant to the fourth sentence of Section 405(g), or alternatively, the sixth sentence of Section 405(g) (Doc. No. 24).

This matter is before this Court on Defendant's Objection to the R&R and Plaintiff's Reply (Doc. Nos. 25-26). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a de novo determination of the Magistrate's findings. For the reasons set forth below, this Court adopts the Magistrate's recommendation in part, and remands the matter pursuant to the fourth sentence of Section 405(g).

**BACKGROUND**

On May 19, 2003, Plaintiff filed an application for SSI benefits alleging she had been disabled since January 20, 1992. Her application was denied both initially and upon reconsideration. A hearing before Administrative Law Judge Bryan Bernstein (ALJ) was held on March 8, 2006. Plaintiff appeared and participated in the hearing with counsel. Vocational Expert (VE) Dr. Joseph Havranek was present and testified. The ALJ determined that Plaintiff was not disabled and the Appeals Council denied Plaintiff's request for review. Plaintiff filed a timely action in this Court seeking judicial review.

Defendant does not object to the factual and procedural background in the Magistrate's R&R (Doc. No. 24, pp. 1-3). This Court finds they are accurate and adopts them in their entirety.

**STANDARD OF REVIEW**

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial

evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### STANDARD FOR DISABILITY

Eligibility for SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a), (d). "Disability" is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The Commissioner's regulations governing the evaluation of disability are found at 20 C.F.R. § 416.920:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, a claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether a claimant has the residual functional capacity to perform available work in the national economy. *Id.*; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The court considers a claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Walters*, 127 F.3d at 529.

**DISCUSSION**

Defendant offers three objections to the Magistrate's R&R.  Specifically, Defendant argues the Magistrate erred in: (1) concluding substantial evidence did not support the ALJ's residual functional capacity (RFC) finding as to Plaintiff's mental capacity; (2) finding the ALJ's credibility determination erroneous; and (3) using a subsequent favorable determination on a later application for benefits as a basis for remand.

**Mental Residual Functional Capacity**

Plaintiff contends the mental RFC finding was incomplete, because it omitted at least two significant limitations that were clearly described in the medical opinions of certain examining psychologists.  Specifically, Plaintiff argues the RFC failed to include her inability to perform work that is other than simple and repetitive, and work with greater than superficial interactions with others.  Defendant acknowledges that the language of the RFC does not precisely track the language of the medical opinions.  However, Defendant argues the substance of the RFC -- which is generally aimed at limiting Plaintiff to low-stress work environments -- accounted for all relevant limitations identified in the medical opinions.  In Defendant's view, Plaintiff's arguments are mere semantics.

This Court concludes the RFC finding does not accurately reflect the limitations identified in the medical record and therefore is not based on substantial evidence.

The relevant portion of the ALJ's RFC finding states (Tr. 27):

> The claimant has a combination of severe physical and mental impairments.  Although these impairments are managed conservatively, they do impose work limitations.  Specifically, the claimant is not able to perform work that imposes a closely regimented pace of production. Close regimentation of work activity is a consequence of certain operational demands for a rapid pace or functioning within close tolerances.  This might be required when there is a high value placed on a product, the raw material, the pace of production, or the equipment employed.  Close and critical supervision in this context would produce unacceptable distress.  This work is

different from jobs that allow the employee to determine the timing of different work activities, or to determine the pace of work in order to provide the employee an opportunity to catch up with ordinary productivity.

In describing Plaintiff's RFC, the ALJ cited the reports of four psychologists: Dr. Zake, Dr. White, Dr. Wagner, and Dr. Chambly (the latter two were state agency psychologists). Dr. Zake's report indicates that Plaintiff's ability to relate to others, including fellow workers and supervisors, was impaired, and that her "ability to withstand the stress and pressures associated with day-to-day work activities appeared poor" (Tr. 219). Dr. Zake noted that Plaintiff "appeared capable of maintaining her attention to simple, repetitive tasks." Dr. Wagner noted that Plaintiff was capable of simple repetitive work with decreased social demands (Tr. 238). Dr. White's report indicates that Plaintiff was "mildly impaired" in her ability to get along with others (including supervisors and co-workers) and her ability to withstand a stressful environment (Tr. 281).

Dr. Chambly found that Plaintiff was "moderately limited" in her ability to work in coordination with or proximity to others, complete a normal workday and workweek without interruption, interact appropriately with the general public, accept instructions, respond to criticism, and respond to changes in the work setting (Tr. 472-73). Dr. Chambly noted that Plaintiff was "able to relate on a superficial basis and can work around others if not having to work closely on a project completion" and that "[s]he should be able to work at simple low stress tasks in the work place" (Tr. 474).

The consistent conclusion of the psychologists' reports is that Plaintiff was limited to simple, repetitive work tasks and was not able to withstand close interaction with co-workers or supervisors. However, nothing in the RFC reflects the limitation to simple, repetitive work tasks. Instead, the RFC focuses on the "pace of production." To be sure, pace of production might be related to the simplicity

5

of a task, but a slow pace does not necessarily mean that a task will be simple. Other courts have been unwilling to equate pace of production with the simplicity of a task. *See, e.g.*, *Whack v. Astrue*, No. 06-4917, 2008 WL 509210, at *8-9 (E.D.Pa. Feb. 26, 2008) (ALJ's hypothetical limiting claimant to simple, routine tasks did not account for limitations in concentration, persistence, and pace); *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D.Mich. 2005) (ALJ's hypothetical limiting claimant to "jobs entailing no more than simple, routine, unskilled work" was inadequate to convey limitation in ability to concentrate, persist, and keep pace). At the very least, the ALJ should have explained why limiting the pace of production satisfied Plaintiff's limitation to simple, repetitive tasks -- a limitation which was clearly stated in the various psychologists' reports. *See* Soc. Sec. Ruling 96-6p ("RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision[.]"). The RFC here contains no such explanation.

Nor does the RFC reflect Plaintiff's impaired ability to interact with co-workers or supervisors. The RFC does note that "close and critical supervision" could be a problem for Plaintiff, but only "in the context" of a closely regimented pace of production. The RFC says nothing about Plaintiff's general inability to interact with co-workers, or about her inability to withstand criticism or close supervision in contexts other than a closely regimented pace of production. *See, e.g.*, *Allen v. Barnhart*, 417 F.3d 396, 407 (3d Cir. 2005) (the nature of workplace tasks does not necessarily reflect limitations from workplace stress caused by interpersonal interactions).

Accordingly, this Court concludes that the RFC does not "accurately describe [Plaintiff's] abilities," *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002), and therefore the

6

ALJ's decision is not based on substantial evidence. A remand to the ALJ is appropriate to develop a mental RFC finding that accurately reflects the psychological reports in the record.

### Credibility

The parties contest whether substantial evidence supports the ALJ's finding that Plaintiff was not credible. The ALJ made a general finding that Plaintiff was not credible, and also rejected Plaintiff's subjective allegations of debilitating chest pain and fatigue. Defendant argues the inconsistency between Plaintiff's subjective allegations and the medical evidence, Dr. White's evaluation, and Plaintiff's criminal history all supported the ALJ's credibility determinations. Plaintiff contends the ALJ erred by employing an overly strict standard in assessing Plaintiff's credibility and failing to use the two-step process for evaluating pain and other subjective symptoms.

"[A]n ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.' However, they must also be supported by substantial evidence." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). In determining a claimant's credibility, the ALJ must consider the entire case record, including "objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." Soc. Sec. Ruling 96-6p.

The ALJ discounted Plaintiff's credibility for several reasons, all of which were supported by the record. The ALJ noted that "claimant has a history of violent criminal behavior, illegal drug use, and deceptive criminal behavior that negatively affect her reliability" (Tr. 26). In support of this

7

proposition, the ALJ described Plaintiff's murder of her significant other in 1990, parole violation through use of crack cocaine, arrest for shoplifting, and Dr. White's characterization of Plaintiff's past as demonstrating a "pervasive pattern of disregard for and violation of the rights of others." *Id.* Plaintiff's criminal history, adequately documented in the record, was a legitimate consideration in evaluating her credibility. *See, e.g.*, *Hardisty v. Astrue*, No. 08-35919, --- F.3d --- 2010 WL 252299, at *6 (9th Cir. 2010) (holding that an adverse credibility finding resting in part on claimant's criminal history was substantially justified). In sum, this Court will not second-guess the ALJ's credibility determination, which was supported by substantial evidence.

Further, the ALJ found that the objective medical evidence did not support Plaintiff's allegations of extreme chest pain and fatigue, which allegedly required her to lie down for the whole day three times a week. The Sixth Circuit has developed a two-part test to evaluate a claimant's assertion of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (quoting *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

Here, objective medical evidence did establish an underlying condition. However, the medical evidence failed to support Plaintiff's allegations of extreme chest pain and fatigue. Several medical opinions describe Plaintiff's depression, post traumatic stress disorder, antisocial personality disorder, and coronary artery disease, but nothing in the record corroborates the severity of Plaintiff's subjective allegations. Nor is the condition itself of such severity that it could reasonably be expected

8

to produce the alleged disabling pain. Accordingly, the ALJ's decision to reject Plaintiff's allegations of disabling pain and fatigue was not erroneous.

### Subsequent Favorable Determination

Finally, the parties dispute whether a subsequent favorable determination on a later application for benefits warrants a remand to consider additional evidence. Defendant contends the determination itself does not establish the new material evidence necessary to justify a remand. Plaintiff argues new material evidence underlying the subsequent decision is sufficient to warrant a remand of her initial benefits denial.

A subsequent favorable determination only justifies a remand if a claimant demonstrates new substantive evidence that might have changed the outcome in the prior proceeding, and shows good cause for failing to introduce the evidence in the original proceeding. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). The mere existence of the subsequent decision does not justify a remand. *Id.* at 653. Changes in the claimant's condition after the initial determination do not justify a remand. *Id.* at 654. Further, "[i]t is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (internal quotation omitted).

In this case, the only evidence provided to this Court regarding the subsequent favorable decision is the decision itself. Plaintiff suggests the recent favorable decision relies on some new evidence relating to her participation in a mental health treatment program, but the first indication of that treatment is a record dated December 2007, eight months after the ALJ filed his decision in this case. Nothing in the subsequent decision has any bearing on Plaintiff's claim for benefits during the

9

relevant time period in *this* case. Therefore, Plaintiff fails to meet her burden to provide new material evidence that would justify a remand.[1]

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate's recommendation to remand the case to the Commissioner pursuant to 45 U.S.C. § 405(g), sentence four, for further consideration of the medical opinions related to Plaintiff's mental capacity. However, this Court declines to adopt the Magistrate's recommendation as to the ALJ's credibility determination and the subsequent favorable determination.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 23, 2010

---

[1] Because Plaintiff fails to present new material evidence, this Court need not address whether Plaintiff had good cause for failing to bring such evidence to light during the initial proceeding.