# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| April Harris, | : | Case No. 3:08CV2219 |
| | : | |
| Plaintiff | : | Judge Jack Zouhary |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

Before the Court is plaintiff's application for an award under the Equal Access To Justice Act (EAJA), 28 U.S.C. §2412§§(a)(d), in the sum of $3,514.53 in attorney fees and $34.00 in expenses.[1] The controlling issue with regard to this application is whether the defendant's litigation position was substantially justified. <u>Sullivan v. Hudson,</u> 109 S.Ct. 2248, 2253 (1989).

On February 23, 2010 Your Honor entered a decision ordering the action remanded pursuant to the fourth sentence of 42 U.S.C. §405(g) "for further consideration of the medical opinions related to the Plaintiff's mental capacity."  In doing so Your Honor adopted those portions of this Court's Report and Recommended Decision entered October 29, 2009 pertaining to the plaintiff's mental/emotional status.  Therein this Court noted that although the plaintiff had complained of exertional limitations, on this appeal "The focus is upon the plaintiff's mental/emotional status," as to which three claims of error were raised.  The first of those was that a sixth sentence remand was warranted, and the third related to

---

[1] While the defendant opposes the motion the Commissioner does not challenge either the hourly rate charged by counsel or the reasonableness of the hours of itemized services.  Therefore, the issue is whether the plaintiff is entitled to an award in the amount claimed.

the determination by the Administrative Law Judge (ALJ) whose decision represents the defendant's final determination, concerning the plaintiff's credibility. The second posed the question "Whether the decision erred in its analysis of State agency psychologist opinion where the decision fails to discuss the opinion of the State agency psychologists concerning residual functional capacity."

Your Honor rejected the first and third claims of error, and based the Order of Remand upon the conclusion that "the RFC finding does not accurately reflect the limitations identified in the medical record and therefore is not based on substantial evidence." As did this Court, Your Honor found several deficiencies in the decision of the ALJ regarding the plaintiff's non-exertional capabilities/limitations.

Notwithstanding that conclusion, this Court is hard pressed to find that the defendant's litigation position as a whole lacked substantial justification, considering that the defendant prevailed on two of the three claims of error asserted on behalf of the plaintiff. This Court is also constrained to observe that the plaintiff's brief was not one of the best constructed this Court has had occasion to review.

While this Court believes that it is a close question, this Court recommends that plaintiff's application be denied.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   June 21, 2010


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).