IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| April Harris, | Case No. 3:08 CV 2219 |
|               Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
|               Defendant. | |

**INTRODUCTION**

Currently pending is Plaintiff April Harris' Application for Attorney Fees and Expenses Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a) and (d) (Doc. No. 29). The Application was referred to Magistrate Judge David Perelman for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2).

After briefing by both parties (Doc. Nos. 30-31), the Magistrate recommended this Court deny Plaintiff's Application (Doc. No. 32). Plaintiff filed an Objection (Doc. No. 33), and Defendant filed a Reply (Doc. No. 34).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings *de novo*. For the following reasons, this Court adopts the Magistrate's recommendation to deny Plaintiff's Application for Attorney Fees.

**BACKGROUND**

Plaintiff sought review of Defendant's decision to deny social security benefits. The case was initially referred to the Magistrate, who recommended this Court reverse Defendant's decision and remand the case for further proceedings (Doc. No. 24). The Magistrate's R&R identified three errors: (1) the Administrative Law Judge's (ALJ) residual functional capacity (RFC) finding as to Plaintiff's mental capacity was not based on substantial evidence; (2) the ALJ's credibility determination was erroneous; and (3) a subsequent favorable determination provided a basis for remand. This Court agreed with the Magistrate's first conclusion but declined to adopt the latter two.

As to the first error, this Court found that the ALJ's RFC finding did not accurately reflect the mental limitations identified in the medical record. Various psychologists' reports indicated that Plaintiff had two specific limitations: (1) she was limited to simple, repetitive work tasks, and (2) she was not able to withstand close interaction with co-workers or supervisors. The RFC included the following limitations: "[T]he claimant is not able to perform work that imposes a closely regimented pace of production" and "[c]lose and critical supervision in this context would produce unacceptable distress" (Tr. 27). Thus, the RFC generally addressed Plaintiff's limitations with regard to work tasks and interpersonal interaction, but it did not mention specifically the two limitations identified in the medical record. This Court noted that the limitations described in the RFC were related to those in the medical record, but that they were not necessarily identical. Accordingly, this Court concluded that the RFC did not accurately describe Plaintiff's abilities, necessitating a remand.

**DISCUSSION**

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A)[1]; *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). Both the underlying agency position and the agency's litigation position must be substantially justified. 2412(d)(2)(D); *see also Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994). Here, Defendant does not contest that Plaintiff was the prevailing party.

A position is substantially justified for EAJA purposes when it has a reasonable basis in law and fact. *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In other words, it must be "'justified to a degree that could satisfy a reasonable person.'" *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Both the underlying agency position and the litigation position must be substantially justified. *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994). The burden of establishing substantial justification is on Defendant, but there is no presumption that Defendant's position was not substantially justified simply because it lost the case. *Scarborough v. Principi*, 541 U.S. 401, 414-415 (2004).

As an initial matter, this Court agrees with Plaintiff that the inquiry should be focused on the specific error necessitating the remand, not on Plaintiff's alternative arguments (credibility and subsequent determination) that this Court rejected. Indeed, this Court does not read Defendant's

---

[1] "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

briefs or the Magistrate's R&R to suggest otherwise. Thus, the issue is whether the ALJ's RFC finding -- the basis of this Court's remand -- was "substantially justified."

This Court finds that Defendant has met its burden of showing substantial justification. The ALJ thoroughly analyzed and summarized the findings of the various psychologists. The ALJ's RFC addressed a number of concerns identified by those psychologists, including the pace of production and interpersonal interactions. It is clear, then, that the ALJ identified and analyzed the relevant evidence related to Plaintiff's mental limitations. This Court's basic concern was that the limitations identified in the psychologists' reports were not identical to those listed in the RFC, even though the two sets of limitations were related. In other words, the ALJ was not precise enough in explaining how the RFC reflected Plaintiff's mental limitations. This sort of "articulation error," if surrounded by an otherwise thorough analysis, does not justify recovery of attorney fees. *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045069, at *3 (6th Cir. 1999) (unpublished table case)). Because the ALJ's decision was supported by a generally thorough and record-based analysis, it was therefore substantially justified.

## CONCLUSION

A remand was necessary in order for the ALJ to more precisely articulate Plaintiff's mental RFC, but the ALJ decision nevertheless had a reasonable basis in law and fact. Accordingly, this Court adopts the Magistrate's recommendation to deny Plaintiff's request for attorneys fees.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 5, 2010